UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR M. VAZQUEZ,

    Plaintiff,

v.       Case No.: 2:25-cv-141-SPC-KCD

LEE BOARD OF COUNTY
COMMISSIONERS,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Defendant Lee Board of County Commissioners' Motion to Dismiss the Amended Complaint. (Doc. 29). Plaintiff Victor Vazquez filed a response in opposition.[1] (Doc. 32). Defendant replied. (Doc. 35). The motion is ripe for review. For the reasons below, the Court grants the motion and dismisses the Amended Complaint without prejudice.

### **Background**

This case is about workplace discrimination.[2] Plaintiff alleges that he is a Hispanic male of Puerto Rican descent. (Doc. 20 ¶ 11). From 2009 to

---

[1] Plaintiff's response exceeded the twenty-page limit. *See* M.D. Fla. R. 3.01(b). Any future filings must comply with the Middle District of Florida's Local Rules.

[2] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

February 12, 2024, Plaintiff was employed by Lee County in the Solid Waste Department. (*Id.* ¶ 13). Plaintiff alleges that he experienced numerous instances of discrimination based on his race and national origin. (*Id.* ¶ 17). While Plaintiff makes a series of allegations dating back over a decade, the Court recounts those that are most relevant to this action. In February 2023 Plaintiff reported what he described as a "racially harassing comment" made by his supervisor in December 2022. (*Id.* ¶ 33). After making that report, Plaintiff applied for two supervisory positions and was not promoted to them. According to Plaintiff, the individuals who were promoted to these positions were less qualified than him, were "White and non-Hispanic," and were "friends of the supervisor." (*Id.* ¶¶ 36–43).

Amid these events, Plaintiff claims to have developed health issues that require medical treatment. (Doc. 20 ¶¶ 45–46). Plaintiff sought and was granted medical leave by Defendant. (*Id.* ¶ 47). Yet Defendant forced him to return to work or face termination, which Plaintiff did. (*Id.* ¶¶ 48–49). Plaintiff subsequently resigned based on a confluence of issues related to his employment. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and national origin. (*Id.* ¶ 3). After receiving a Notice of Right to Sue by the EEOC, Plaintiff brought suit in this Court. (*Id.* ¶ 4). Plaintiff brings seven causes of action: Racial and National Origin Discrimination under Title VII of the Civil Rights

Act of 1963 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (Count I); Retaliation under Title VII (Count II); Racial and National Origin Discrimination in Violation of Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10 (Count III); Retaliation under FCRA (Count IV); Equal Protection Deprivation under the United States Constitution, brought pursuant to 42 U.S.C. § 1983 (Count V); Equal Protection Deprivation under the Florida Constitution (Count VI); and Retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Count VII).

## Legal Standard

A district court should dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555. Allegations supported only by "mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

## Analysis

Defendant first argues that Plaintiff's Amended Complaint should be dismissed because it was filed without leave or Defendant's consent. (Doc. 29 at 5). Defendant initially moved to dismiss on April 7, 2025. (Doc. 15). Plaintiff requested an extension of time to respond which was granted. (Docs. 18, 19). Rather than file a response to the motion to dismiss, Plaintiff filed his Amended Complaint three days after the extension was granted.[3] The Court denied the first motion to dismiss as moot because Plaintiff had amended his Complaint. (Doc. 21). Defendant then filed the present motion to dismiss, which Plaintiff responded to after seeking another extension. (Docs. 29–32).

Defendant argues the Amended Complaint does not comply with Fed. R. Civ. P. 15(a)(1)(B) because it was filed more than 21 days after the original motion to dismiss. (Doc. 29 at 5). Plaintiff counters that the extension of time to respond to the original motion to dismiss made his amendment timely under Rule 15(a)(1)(B). (Doc. 32 at 3). Plaintiff's is incorrect as the extension of time pertained only to the response to the motion to dismiss; his argument that the

---

[3] Plaintiff made no representation in his motion for extension that he planned to file an Amended Complaint. In fact, Plaintiff's counsel stated that "a portion of" the response to the first motion to dismiss was prepared, and more time was needed to complete it. (Doc. 18).

4

response extension also extended the 21-day deadline under Rule 15(a)(1)(B) is unsupported and meritless.[4]

Despite this, the Court will consider the Amended Complaint timely. This is solely based on Rule 15(a)(1)(2)'s directive "that leave shall be freely given when justice so requires." *Watkins v. Fort Lauderdale Police Officer*, No. 24-11030, 2025 WL 902117, at *2 (11th Cir. Mar. 25, 2025) (quoting *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988)). The Court finds granting leave to amend is justified here.

Next, Defendant argues that Plaintiff's Amended Complaint is a shotgun pleading. Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm City Beach Cnty. Sherriff's Office*, 792 F.3d 1316, 1321–23 (11th Cir. 2015). Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am.,*

---

[4] Plaintiff notes in passing that Defendant did not object to the extension of time to respond to the original motion to dismiss. (Doc. 32 at 3). The Court takes this as an argument, albeit a passing one, that Defendant consented to Plaintiff filing his Amended Complaint. Such an argument is flatly wrong. Plaintiff did not indicate in his motion for extension that an Amended Complaint was forthcoming. (Doc. 18). Therefore, Plaintiff cannot show Defendant implicitly consented to an amended complaint being filed under Rule 15(a)(2).

*N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.*

The Eleventh Circuit has identified four types of shotgun pleadings. *See id.* at 1321. Defendant argues the Amended Complaint embodies the second and third types of shotgun pleading. (Doc. 29 at 6). The second type is one that "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321. The third type is "one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.*

Plaintiff acknowledges that parts of the Amended Complaint are duplicative. (Doc. 32 at 5). Even so, Plaintiff argues that the Amended Complaint "incorporates paragraphs which establish the relevant jurisdictional elements [sic] the claims and relevant facts, [and] each count subsequently lists specific allegations relevant to the individual cause of action." (*Id.*). While Plaintiff contends pleadings of the sort he filed are common, he provides no supporting authority.

The Amended Complaint fits the bill for both types of shotgun pleadings. First, many allegations in the Amended Complaint are irrelevant, vague, or contain legal conclusions. (Doc. 20 ¶¶ 19, 36, 39, 45, 51). The Counts in the Amended Complaint allege few specific facts, use generic language mirroring the elements of the causes of action, and summarily reallege various

6

combinations of allegations from the Amended Complaint. *See, e.g.*, *id.* ¶¶ 57–67. Courts have recognized these reasons as valid bases to find a complaint is a shotgun pleading. *See, e.g.*, *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (dismissing second amended complaint as a shotgun pleading where it was replete with vague, immaterial, and conclusory allegations); *Harris v. Pub. Health Tr. of Miami-Dade County*, Case No. 1:19-cv-25298- KMM, 2020 WL 1933169, at \*\*2, 4 (S.D. Fla. Apr. 14, 2020).

Second, Plaintiff alleges multiple theories of discrimination (failure to promote, hostile work environment, and constructive discharge) under singular causes of action. This too is not permitted. *See Long v. City of Orlando*, No. 6:20-CV-254-WWB-EJK, 2021 WL 2226606, at \*2 (M.D. Fla. June 2, 2021) ("As numerous courts in this Circuit have held, despite possibly sharing some factual overlap, claims for hostile work environment and for discrimination based on disparate treatment are distinct claims and must be pleaded separately." (collecting cases)); *Blalock v. Dale Cty. Bd. of Educ.*, 84 F. Supp. 2d 1291, 1302 (M.D. Ala. 1999) (same). The Court finds Plaintiff's Amended Complaint is a shotgun pleading and dismisses all claims without prejudice.[5] To ensure Plaintiff is aware of each count's specific deficiencies, the Court will discuss them in turn.

---

[5] The Court does not find Defendant's argument that the complaint should be dismissed *with* prejudice as a shotgun pleading persuasive. Defendant cites *Vibe Micro, Inc. v. Shabanets*,

A. Count I – Title VII Discrimination

To bring a claim under Title VII, an employee must file a charge of discrimination within 300 days of the alleged unlawful employment practice or action. *See* 42 U.S.C. § 2000e-5(e)(1); *Mesones v. Estevez*, Case No. 19-14119, 2021 WL 3721324, at *2 (11th Cir. 2021) ("In Florida, a plaintiff seeking to file a Title VII action must first file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice." (citing *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (per curiam)).[6] "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Alexander v. Fulton County,* 207 F.3d 1303, 1332 (11th Cir. 2000). A failure to promote claim is a discrete cause of action, and a charge must be filed within 300 days of each such event. *See Joe's Stone Crabs*, 296 F.3d at 1271–72.

While judicial claims may "amplify, clarify, or more clearly focus" the allegations in an EEOC charge, using a judicial complaint to make entirely

---

878 F.3d 1291 (11th Cir. 2018) in support of the argument that because Plaintiff has filed two complaints it deems to be shotgun pleadings, the Court may dismiss the Amended Complaint with prejudice. (Doc. 29 at 10). The circumstances here do not warrant such relief, because the Court did not direct Plaintiff to fix errors from its first complaint or otherwise rule it was a shotgun pleading. *Shabanets* contemplates a "repleading order" issued by the Court as the precursor to dismissal of a shotgun pleading. *Id.* at 1296. But the Court has not yet issued such an order, so this argument fails.

[6] Defendant argued that many of Plaintiff's allegations and claims are barred on res judicata grounds based on a prior case before this Court. (Doc. 29 at 12 n.4). Plaintiff did not respond to this argument. The Court declines to rule on this issue now, but should it reemerge the Court will consider the Parties' arguments.

8

new claims of discrimination is inappropriate. *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279–80 (11th Cir. 2004) (citation omitted); *see also Streeter v. City of Pensacola*, No. 3:05CV286/MCR, 2007 WL 4468705, at *3 (N.D. Fla. Dec. 8, 2007) ("When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge.").

Defendant argues that many of Plaintiff's allegations were not raised in his charge and should be dismissed for failure to exhaust administrative remedies. (Doc. 29 at 14). Plaintiff's charge was filed on March 22, 2024. (Doc. 29-1).[7] Plaintiff alleged he complained internally regarding an "alleged harassing comment" three months after it took place. (*Id.*). Plaintiff also alleged he was not promoted to two positions.[8] (*Id.*).

---

[7] The Court may consider the EEOC charge under Rule 12(b)(6) because it is not disputable and is central to the Complaint. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Booth v. City of Roswell*, 754 F. App'x 834, 837 (11th Cir. 2018) (holding that district court did not err in considering EEOC charge attached to motion to dismiss, as Plaintiff "referred to the EEOC charge in his complaint . . .; it was central to whether his claims were viable; and no one disputed its authenticity."). Plaintiff did not contest the charge Defendant attached. In fact, he cited the charge in his response. (Doc. 32 at 6–7).

[8] Curiously, the charge and the Amended Complaint contain differing accounts of which positions Plaintiff applied for. The EEOC charge states Plaintiff applied two times for the position of Dispatch Supervisor, but the Amended Complaint alleges Plaintiff applied for a position as a "Crew Supervisor" two times as well. (Docs. 20 ¶¶ 40, 42; 29-1 at 1). The Court addresses the allegations properly preserved through the EEOC charge, the allegations related to the Dispatch Supervisor positions.

9

Plaintiff alleges several discriminatory actions in his Amended Complaint not mentioned in the charge yet claims they should be included in the claims based on a theory Defendant is engaged in a "continuing violation" of Title VII.  In support of this argument, Plaintiff attached a document he claims are the "Investigation Notes" that the EEOC investigator took at the time of the charge, which mention his reporting these instances.  (Doc. 32-1).

Plaintiff's argument regarding administrative exhaustion is unconvincing.  First, the notes themselves show the investigator explained that Plaintiff's claims were likely untimely.  (*Id.*).  Second, the fact untimely incidents are discussed during an EEOC interview does not render them as "reasonably . . . grow[ing] out of the charge."  *Green v. Elixir Indus., Inc.*, 152 F. App'x 838, 840 (11th Cir. 2005).  Finally, this does not validate a "continuing violation" theory of discrimination, given that the charge is limited to denials of promotion which are isolated events under Title VII.  *See Joe's Stone Crabs, Inc.,* 296 F.3d at 1271–72; *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002).  Therefore, Plaintiff's Title VII claims are limited to the allegations identified in his charge.

The Court turns to those claims Plaintiff has potentially preserved for adjudication through the charge.  Plaintiff alleges that he applied for two supervisory positions, was best qualified for them, and that White non-Hispanic individuals who were friends of the supervisor received them.  (Doc.

10

20 ¶¶ 39–45). These are failure to promote claims, rather than the hostile work environment and retaliatory claims which are barred on administrative exhaustion grounds.

A prima facie case under Title VII for failure to promote generally consists of the following elements: "(1) he is a member of a protected class; (2) he was qualified and applied for the promotion, (3) he was rejected despite his qualifications, and (4) other equally or less qualified employees who were not members of the protected class were promoted." *Price v. M & H Valve Co.*, 177 F. App'x 1, 12 (11th Cir. 2006).

Plaintiff fails to plead a claim for discrimination under Title VII. Plaintiff alleges that he applied for two positions, was best qualified for them, and that White non-Hispanic individuals who were friends of the supervisor received them. (Doc. 20 ¶¶ 39–45). He does not allege which individual(s) made the hiring decisions, nor does he provide facts showing the qualifications of the individuals who received the positions were inadequate. Insufficient facts are provided that Plaintiff met the hiring qualifications of either position. Plaintiff claims this information is not necessary at the pleading stage but cites no authority in support. Therefore, Count I is dismissed without prejudice.

B. <u>Count II – Title VII Retaliation Claim</u>

Defendant also moves to dismiss Plaintiff's Title VII retaliation claim. "Retaliation under Title VII occurs when an employee engages in protected

activity and suffers an adverse action that is causally related to that activity." *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x. 394, 397 (11th Cir. 2012) (citation omitted). To establish a prima facie case of retaliation, "a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Wideman v. Wal-Mart Stores*, 141 F.3d 1453, 1454 (11th Cir. 1998); *see also Hernandez v. Mondelez Glob.*, LLC, No. 2:24-cv-12-SPC-NPM, 2024 U.S. Dist. LEXIS 69699, at \*\*5–6 (M.D. Fla. April 17, 2024).

Defendant first argues that, like the discrimination claim, Plaintiff failed to raise retaliatory actions in the EEOC charge. (Doc. 29 at 15–16). Plaintiff responds that the investigative notes demonstrate facts supporting the retaliation claim. (Doc. 32 at 11–12). For the reasons discussed above, this argument lacks merit. Plaintiff alleges a retaliatory action not listed in the charge: that he was transferred to a facility where Defendant was "aware [Plaintiff] could not travel to." (Doc. 20 ¶ 74b). The Amended Complaint does not contain basic facts related to this transfer, such as when it occurred, who participated in the decision, and how Defendant was "aware" that Plaintiff could not travel there. Even if those facts were alleged, because the transfer was not described in the charge, Plaintiff may not bring a claim for retaliation based on it.

As to the actions included in the charge, the refusal to promote Plaintiff, Count II fails because Plaintiff does not plead facts to support a causal relationship between the protected action of complaining internally and the adverse employment actions of not being promoted. Plaintiff claims that a sufficient causal nexus exists because of "the timing of the plaintiff's internal complaint in February 2023 and the subsequent denial of promotion in September 2023." (Doc. 32 at 14–15). While "close" temporal proximity can be a basis to find causation, it must be "very close" to meet that burden. *See, e.g.*, *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

The gap between Plaintiff's alleged protected action and the retaliatory action by Defendant is roughly seven months. That is not sufficient on its own, as this circuit has held even a three-month gap between protected activity and an adverse employment action does not establish retaliation. *See Thomas*, 506 F.3d at 1364 ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."). Plaintiff did not allege sufficient facts to demonstrate a causal relationship. Therefore, Count II is dismissed without prejudice.

C. FCRA Claims

Plaintiff also brought claims for discrimination and retaliation based on the Florida Civil Rights Act ("FCRA"). For the reasons stated above regarding Plaintiff's Title VII claims, Plaintiff's FCRA claims (Counts III & IV) do not

13

comply with Rule 8. Because "[t]he FCRA is modeled after Title VII, and claims brought under it are analyzed under the same framework," the "FCRA claims do not need separate discussion and their outcome is the same as the federal claims." *Fuller*, 598 F. App'x at 653. Plaintiff offers no allegations or argument that justify a different analysis here. So, the FCRA claims (Counts III & IV) are dismissed without prejudice.

D. Section 1983 Municipal Liability Claim

Plaintiff's claim for municipal liability pursuant to 42 U.S.C. § 1983 is invalid under *Monell v. Dep't of Social Services of City of New York,* 436 U.S. 658 (1978). In *Monell*, the Supreme Court "held that Congress intended to include local governments among the 'persons' subject to liability under Section 1983—but only under limited factual circumstances." *Freeman v. Jupiter Inlet Colony*, 778 F. Supp. 3d 1326, 1340 (S.D. Fla. 2025) (citing *Monell*, 436 U.S. at 690).

"[T]he bar to establish municipal liability is very high." *Simmons v. Bradshaw*, 879 F.3d 1157, 1169 (11th Cir. 2018) (citation omitted). Under *Monell*, the doctrine of *respondeat superior* (holding a principal liable for the wrongful acts of a subordinate agent) is not enough to hold a municipality liable under Section 1983. *See Monell*, 436 U.S. at 692, 694. "A plaintiff can establish municipal liability under *Monell* in three ways: (1) identifying an

official policy;[9] (2) identifying an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 48 F.4th 1222, 1229 (11th Cir. 2022) (citation omitted).

Plaintiff does not plausibly allege an official or unofficial policy of discrimination to support his claim under § 1983. The Amended Complaint summarily states that the County had an unofficial policy of not following its own policies with regard to promotion, discipline, and addressing complaints of employees. (Doc. 20 ¶¶ 95–104). Plaintiff also cites an Investigative Report which identifies several actions that violated County policies and recommends termination of one employee and a follow-up investigation. (Doc. 20-1 at 4).

Plaintiff does not come close to clearing the "very high" bar for establishing *Monell* liability. *Simmons*, 879 F.3d at 1169. Plaintiff does not plead facts to show the alleged actions constitute "practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *see also Weiland*, 792 F.3d at 1329 (concluding "naked assertions" of a policy or custom are insufficient to establish municipal liability

---

[9] An official municipal policy is a "statute, ordinance, regulation or decision officially adopted and promulgated by [a local governing] body's officers." *Monell*, 436 U.S. at 690.

15

under § 1983). The report itself only recommends an investigation of the handling of employee complaints, which does not show a "persistent and widespread" practice of mishandling such complaints. *Connick*, 563 U.S. at 61.[10] Because Plaintiff fails to show municipal liability under *Monell*, his § 1983 claim fails. Count V is dismissed without prejudice.

### E. Florida Constitution

In Count VI of the Amended Complaint, Plaintiff brings a claim of Equal Protection Deprivation under the Florida Constitution. (Doc. 20 ¶ 105). Because Plaintiff lacks standing to bring this claim, it will be dismissed as well.

"In order to demonstrate that there is a case or controversy that satisfies Article III's standing requirement when a plaintiff is seeking declaratory relief—as opposed to seeking damages for past harm—the plaintiff must allege facts from which it appears that there is a substantial likelihood that he will suffer injury in the future." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins.*, 925 F.3d 1205, 1210–11 (11th Cir. 2019) (citation omitted); *see also Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014). "The controversy between the parties cannot be conjectural, hypothetical, or contingent; it must be real and

---

[10]Plaintiff does not appear to argue for the final category of *Monell* liability, *i.e.*, that the alleged discriminatory actions were taken by an official with final policymaking authority or were ratified by an official with final policymaking authority. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016). To the extent that Plaintiff did attempt such an argument, no facts were put forth that plausibly establish it, and so the Court rejects it.

16

immediate, and create a definite, rather than speculative threat of future injury." *A&M Gerber Chiropractic LLC*, 925 F.3d at 1210 (quotation omitted).

Plaintiff does not demonstrate standing to bring a claim for declaratory relief under the Florida Constitution. Plaintiff seeks only declaratory relief in Count VI for past conduct by Defendant, not monetary damages. While Plaintiff argues in his response that the Defendant's conduct is ongoing, the caselaw is clear that he must allege facts showing a substantial likelihood of harm to himself in the future, not others. *See id.* at 1210–11. Count VI of the Amended Complaint is therefore dismissed without prejudice.

F. FMLA Retaliation

In Count VII of the Amended Complaint, Plaintiff alleges Retaliation in Violation of the FMLA. To succeed on a retaliation claim, a plaintiff "must show that his employer intentionally discriminated against him for exercising an FMLA right." *Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th Cir. 2008) (emphasis omitted). "[A]n employee claiming FMLA retaliation must show that (1) he engaged in a statutorily protected activity, (2) he suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." *Id.* "To prove the decision was causally related to the protected activity at the prima facie stage, the plaintiff may rely on a close temporal proximity between the two events." *Vira v. Crowley Liner Servs., Inc.*, 723 F. App'x 888, 893 (11th Cir. 2018).

Count VII alleges the following retaliatory acts by Defendant: the failure to promote Plaintiff, an alleged decision in December 2022 to force him to come back to work after asking for leave, and constructive discharge after that. (Doc. 20 ¶¶ 112–116). Plaintiff thus has not pled with specificity which retaliatory action forms the basis for the FMLA claim. *See Vira*, 723 F. App'x at 893.

Plaintiff offers only a conclusory statement for Count VII that a causal relationship exists. (Doc. 20 ¶ 115). Plaintiff asserts that the same month after requesting and being granted medical leave, "Plaintiff's supervisor required Plaintiff to attend work or face termination despite being aware of Plaintiff's medical leave." (Doc. 20 ¶ 48). Even assuming the alleged protected action and the adverse employment decision occurred the same month, temporal proximity is not absolute in finding causation. *See Fleming v. Boeing Co.*, 120 F.3d 242, 248 (11th Cir. 1997). And Plaintiff offered no additional facts in the Amended Complaint or his response that the two events were connected in anyway. Therefore, Plaintiff fails to plead this count properly as well. The Court dismisses Count VII without prejudice.

Accordingly, it is **ORDERED:**

1. Defendant Lee County Board of Commissioners' Motion to Dismiss (Doc. 29) is **GRANTED**.

2. Plaintiff's Amended Complaint (Doc. 20) is **DISMISSED** without prejudice.

3. **On or before September 30, 2025**, Plaintiff must file his Second Amended Complaint that corrects the deficiencies outlined above. **Failure to comply may result in the Court dismissing and closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on September 9, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record