UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR M. VAZQUEZ,

    Plaintiff,

v.                          CASE NO.: 2:25-cv-00141-SPC-DNF

LEE COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.

---

## SECOND AMENDED COMPLAINT & DEMAND FOR INJUNCTIVE RELIEF AND TRIAL

COMES NOW, VICTOR M. VAZQUEZ (hereinafter referred to as "Plaintiff" or "Mr. Vazquez"), by and through the undersigned attorney, and hereby sues LEE COUNTY BOARD OF COUNTY COMMISSIONERS (hereinafter referred to as "County", "Employer" or "Defendant"), and alleges and states as follows:

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(a)(4), because this is a civil action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.

### VENUE

2. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391 and 42

U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this district and because the employment records relevant to unlawful employment practice committed by Defendant are maintained and administered in this district. Further, Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant may be found in this district and a substantial portion of events giving rise to this action occurred in this district.

## CONDITIONS PRECEDENT

3. Plaintiff timely filed a Charge of national origin discrimination.

4. On or about November 25, 2024, the United States Department of Justice issued Plaintiff a Notice of Right to Sue. The Complaint was filed within 90 days of receipt of that notice. Plaintiff fully complied with all prerequisites to jurisdiction in this Court.

## PARTIES

5. At all times relevant to this action, Plaintiff resided in Lehigh Acres, Florida and was a citizen of Florida.

6. Defendant is a government entity in Lee County, Florida.

7. Plaintiff was an employee, as defined by Title VII and FMLA. Plaintiff worked for Lee County Solid Waste approximately 2009 to February 12, 2024. Plaintiff's work experience made him an ideal candidate for the job, bringing experience and quality workmanship to the position.

8. Defendant is an employer within the meaning of the definition of "employer" under Title VII and the FMLA.

## FACTS

9. Plaintiff brings this action against Defendant for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)**,** the Civil Rights Act of 1866, and the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.

10. Plaintiff is a Hispanic male of Puerto Rican descent.

11. Plaintiff belongs to a protected class based on his national origin.

12. Plaintiff's work experience made him an ideal candidate for the promotion to a Dispatch Supervisor Position, which he applied for during his employment with the Defendant.

13. Plaintiff's employee evaluations consistently assessed the Plaintiff as exceeding expectations.

14. Throughout his tenure, the Plaintiff experienced numerous and continuous instances of discrimination based on his national origin. Defendant's pattern of discriminatory conduct is documented by Investigative Reports.

15. Plaintiff has repeatedly applied for supervisory positions during his employment with Defendant.

16. Plaintiff was qualified for each supervisory position he applied for during his employment with the County.

17. All his applications for promotions were either denied or ignored.

18. Plaintiff was more qualified than the non-minorities Defendant hired for the positions applied to by Plaintiff.

19. Plaintiff applied for the position of Dispatch Supervisor on September 4, 2023, and again on January 28, 2024.

20. Plaintiff was not selected for either position.

21. Plaintiff also applied for a Crew Supervisor position on December 12, 2022, and January 19, 2024, but was not considered for the role either time.

22. The positions were filled by less qualified individuals who are White and non-Hispanic.

23. Plaintiff complained to Defendant that he was never selected for promotions and the jobs being filled by less qualified individuals, who are White and non-Hispanic.

24. The County's actions have caused Plaintiff significant emotional distress and health issues for which Plaintiff had to seek medical treatment to address.

25. These health issues led to the Plaintiff needing medical leave under the FMLA.

26. On or around December 2022, Defendant granted Plaintiff's request for medical leave under the FMLA.

27. On or around December 12, 2022, after being granted medical leave, Plaintiff's supervisor required Plaintiff to attend work or face termination despite being aware of Plaintiff's medical leave.

28. Under threat of termination, Plaintiff went to work.

29. Due to the treatment Plaintiff endured from Defendant, the working conditions at the County were so intolerable that a Plaintiff was forced to tender his resignation.

30. A reasonable person under the same conditions as Plaintiff would have been compelled to quit.

31. The treatment Plaintiff experienced during his employment at Defendant was so severe and pervasive as to alter the terms and conditions of his employment and create a discriminatorily abusive working environment.

32. Plaintiff continues to suffer damages as a result of Defendant's actions, emotional distress, past and future lost wages and benefits, attorney's fees, and the costs of bringing this action.

33. Defendant subjected Plaintiff to adverse employment actions, including but not limited to failure to promote Plaintiff based on his national origin,

34. Plaintiff has retained the services of undersigned counsel in the vindication of his rights and has agreed to pay reasonable fees and costs for such representation.

**COUNT I**

**National Origin Discrimination, due to Failure to Promote, in Violation of
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)**

35. Plaintiff repeats and realleges paragraphs 1-24, and 31-34, hereof, as if fully set forth herein.

36. Plaintiff is a member of protected classes under Title VII.

37. Plaintiff was an "employee" of Defendant as defined by Title VII.

38. Defendant is an employer as defined by Title VII.

39. Plaintiff was qualified for promotions to Dispatch Supervisor, with the Defendant.

40. Despite Plaintiff's qualifications, Defendant rejected the Plaintiff.

41. Defendant hired equally or less qualified individuals who were not part of Plaintiff's protective class, specifically, a White American born individual named George Schultte or similarly named.

42. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory failure to promote including emotional distress, past and future lost wages and benefits, attorney's fees, and the costs of bringing this action.

43. Defendant intentionally violated Plaintiff's rights under Title VII, with malice or reckless indifference, and , as a result, Defendant is liable for damages.

44. Defendant has violated Title VII, and will continue to violate Title VII if not enjoined, because it maintains policies, programs and classifications that

impermissibly discriminate on the basis of national origin. Accordingly, Defendant has taken actions in violation of Title VII's mandate that employees, including Plaintiff, be free from any discrimination based on national origin.

**WHEREFORE**, Plaintiff, Victor M. Vazquez, respectfully requests judgment against Defendant, Lee County Board of Commissioners, as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that the Defendant violated Plaintiff's civil rights under Title VII and enjoining Defendant from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

G. Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I. Award to Plaintiff, if applicable, punitive damages; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT II
### Retaliation in Violation of the FMLA, 29 U.S.C. § 2601 et seq.

45. Plaintiff realleges and adopts all of the allegations in paragraphs 1-2, 5-8, 9, 24-32, and 34, hereof, as if fully set forth herein.

46. Plaintiff invoked his right to FMLA-qualifying leave from Defendant by engaging in statutorily protected activity.

47. Plaintiff suffered an adverse employment action by Defendant because Defendant forced Plaintiff to work despite FMLA status.

48. The adverse employment action was causally related to Plaintiff's protected activity which was invoking his right to take FMLA.

49. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right under the FMLA.

**WHEREFORE**, Plaintiff, Victor M. Vazquez, respectfully requests judgment against Defendant, Lee County Board of County Commissioners, as follows:

A. Accept jurisdiction over this matter;

B.      Enter an order declaring that Defendant violated Plaintiff's the FMLA and enjoining Defendant from such conduct in the future;

C.      Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D.      Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E.      In lieu of reinstatement, award Plaintiff front pay (including benefits);

F.      Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G.      Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H.      Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I.      Award to Plaintiff, if applicable, punitive damages; and

J.      Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 1st day of October 2025.

**Light Path Law, P.A.**
*Counsel for Plaintiff*
2069 First Street, First Floor
Fort Myers, FL 33901
Phone: (239) 689-8481
Fax: (239) 294-3930
kscott@lightpathlaw.com   Primary
cott@lightpathlaw.com  Secondary
eservice@lightpathlaw.com

By: _____
Kristie A. Scott, *Lead Counsel*
Florida Bar No. 108111

**<u>SERVICE LIST</u>**

BUSH GRAZIANO RICE
& HEARING, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida 33602
GREGORY A. HEARING
Florida Bar No. 817790
ghearing@bgrhlaw.com
Lead Counsel
SACHA DYSON
Florida Bar No. 509191
sdyson@bgrhlaw.com
FRANK E. BROWN
Florida Bar No. 734969
fbrown@bgrhlaw.com