UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR M. VAZQUEZ,

      Plaintiff,

v.

                                   Case No.:  2:25-cv-141-SPC-DNF

LEE BOARD OF COUNTY
COMMISSIONERS,

      Defendant.

---

## OPINION AND ORDER

Before the Court is Defendant Lee Board of County Commissioners'
Motion to Dismiss the Second Amended Complaint.  (Doc. 43).  Plaintiff Victor
Vazquez responded.  (Doc. 46).  For the reasons below, the Court grants the
motion.

### Background[1]

This is an employment discrimination suit.  Plaintiff is a Hispanic male
of Puerto Rican descent.  From 2009 until February 12, 2024, Plaintiff worked
for Defendant in the Solid Waste Department.  Plaintiff alleges that he was

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the
light most favorable to" Plaintiff.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir.
2009).  That said, "legal conclusions without adequate factual support are entitled to no
assumption of truth[.]"  *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir.
2016) (cleaned up).

discriminated against on the basis of race and national origin while employed by Defendant.

Plaintiff applied for the dispatch supervisor position on September 4, 2023, and again on January 28, 2024. Plaintiff also applied for a crew supervisor position on December 12, 2022, and January 19, 2024. Defendant did not promote Plaintiff to any of these positions. Plaintiff alleges that Defendant promoted less-qualified White and non-Hispanic individuals to these positions. (Doc. 38 ¶ 22). Plaintiff complained to Defendant about these promotions.[2]

These events caused Plaintiff emotional distress and unspecified health issues requiring medical treatment. So he sought leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Defendant granted Plaintiff's request on or around December 2022. On December 12, 2022, Plaintiff's supervisor required him to return to work or face termination. Plaintiff subsequently resigned. After resigning, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and national origin. On November 25, 2024, Plaintiff received a notice of right to sue. He filed this action within ninety days of receiving the notice.

---

[2] Plaintiff does not allege how, if at all, Defendant responded to his complaints.

2

The Court issued an Order dismissing Plaintiff's amended complaint (Doc. 20) as a shotgun pleading and for failing to state a claim. (Doc. 36). The Court explained the deficiencies in Plaintiff's amended complaint and afforded him the opportunity to correct them. Plaintiff brings two claims in his second amended complaint. First, Plaintiff alleges national origin discrimination, due to failure to promote, under Title VII of the Civil Rights Act of 1963, 42 U.S.C. §§ 2000e *et seq.* (Count I). Second, Plaintiff alleges retaliation under the FMLA (Count II). Defendant moves to dismiss both counts.

## Legal Standard

Complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Complaints that violate Rule 8(a)(2) are referred to as "shotgun pleadings." *Weiland v. Palm City Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1321–24 (11th Cir. 2015) (defining the four types of shotgun pleadings). Shotgun pleadings violate Rule 8(a)(2) "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. District courts must give litigants "one chance to replead before dismissing . . . with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

A district court should dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when a party does not plead facts that make the claim

3

facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555.

## Analysis

Defendant argues that Plaintiff's second amended complaint is still a shotgun pleading. The Court's prior Order found Plaintiff's amended complaint to be the second and third types of shotgun pleading. (Doc. 36 at 6). The second type of shotgun pleading "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. The third type "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. Defendant argues Plaintiff failed to comply with the Court's Order and correct these deficiencies in his second amended complaint. The Court agrees.

4

Count I is the second type of shotgun pleading because it is replete with vague, conclusory, and immaterial allegations.[3] Plaintiff broadly asserts that "throughout his tenure . . . [he] experienced numerous and continuous instances of discrimination based on his national origin." (Doc. 38 ¶ 14). In support, Plaintiff alleges "Defendant's pattern of discriminatory conduct is documented by Investigative Reports." (*Id.*). These allegations are insufficient for a host of reasons.

Although Plaintiff relies on discriminatory conduct documented within "Investigative Reports," he does not describe the content of the reports or otherwise attach them.[4] Without such information, Plaintiff's allegations are vague and conclusory on their face. To the extent Plaintiff intended to rely on attachments to his previous complaints, that does not work.[5] *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (explaining that "when [plaintiff] filed the second amended complaint, the first amended complaint (and its attached exhibits) became a legal nullity"). And even if the Court could consider the attachments, Plaintiff cannot summarily cite them to comply with

---

[3] The elements of a failure to promote claim are (1) that Plaintiff is a member of a protected minority; (2) that he was qualified and applied for the promotion; (3) he was rejected despite these qualifications; and (4) other equally or less qualified employees who are not members of the protected minority were promoted. *See Harris v. Dep't of Child. & Fams., Off. of Inspector Gen.*, No. 19-62842-CIV, 2020 WL 13221243, at *2 (S.D. Fla. May 18, 2020).

[4] The report Plaintiff appears to reference is an attachment to his amended complaint. (Doc. 20-1).

[5] Plaintiff also appears to cite the "Investigation Notes" in his response as an exhibit but does not attach any such document. (Doc. 46 at 6).

his pleading requirements under Rule 8.  *See, e.g.*, *Skye Energy Ventures LLC v. Hollander*, No. 2:25-CV-274-SPC-KCD, 2025 WL 1795964, at *4 (M.D. Fla. June 30, 2025) (explaining that attachments to the complaint cannot save pleading deficiencies because "[p]laintiff must allege the requisite facts in the complaint"); *Carter v. Brown Mackie Coll. Miami & Educ. Mgmt. Corp.*, No. 15-61887-CIV, 2016 WL 6496632, at *1 (S.D. Fla. Feb. 4, 2016) (noting that attachments to a complaint "cannot substitute for compliance with Rule 8").  And, finally, Plaintiff may not rely on broad allegations of discrimination outside of his EEOC charge to support his claim.  (Doc. 36 at 9–11).

The pleading deficiencies in Count I continue.  Plaintiff does not allege what positions he held at Defendant during his nearly fifteen-year tenure yet claims he "was qualified for each supervisory position he applied for during his employment."  (*Id.* ¶ 16).  Plaintiff further alleges that his "work experience made him an ideal candidate for the job, bringing experience and quality workmanship to the position," and that his "evaluations consistently assessed [him] as exceeding expectations." (Doc. 38 ¶¶ 7, 12, 13).  These allegations are vague and conclusory.  Plaintiff provides no facts regarding what the job responsibilities of a dispatch supervisor are, or how his experience made him an adequate candidate for that job, let alone the best candidate.[6]  Plaintiff also

---

[6] Plaintiff continues to include allegations regarding his application for two crew supervisor positions.  (Doc. 38 ¶ 21).  The Court noted in its order that it would only consider the

6

fails to allege who "made the hiring decisions" for either position. (Doc. 36 at 11). Plaintiff alleges he "was more qualified than the non-minorities Defendant hired" for the supervisory positions but does not provide any facts to support this conclusion. (Doc. 38 ¶ 18). While Plaintiff need not provide conclusive evidence of his claims at the pleading stage, he cannot rely on "mere conclusory statements" without basic factual detail. *Iqbal*, 556 U.S. at 678; *see also Dusek*, 832 F.3d at 1246 (noting "legal conclusions without adequate factual support are entitled to no assumption of truth"). The Court gave Plaintiff an opportunity to "allege more by way of factual content" but he failed to do so. *Iqbal*, 556 U.S. at 683. In sum, Count I is the second type of shotgun pleading because it is replete with vague, conclusory, and irrelevant allegations.

Count I is also the third type of shotgun pleading. Plaintiff brings a single count of Title VII discrimination based on a failure to promote. (*See* Doc. 38 ¶¶ 38–44). Yet, Plaintiff's Count I contains allegations that recite elements of a hostile work environment claim. (*See id.* ¶ 31) (describing treatment Plaintiff experienced as so "severe and pervasive as to . . . create a discriminatorily abusive working environment"); *see also Usai v. Club Mgmt.*

---

allegations regarding the dispatch supervisor positions which are preserved in Plaintiff's charge. (Doc. 36 at 9 n.8). Plaintiff provides no explanation for his non-compliance. Therefore these allegations are immaterial to the claim Plaintiff brings and further demonstrate Count I is the second type of shotgun pleading.

*Miami II, LLC*, 801 F. Supp. 3d 1295, 1321–22 (S.D. Fla. 2025) (listing "severe and pervasive[ness]" of harassment as an element of a hostile work environment claim). And in Plaintiff's response, he asserts that he continues to bring claims for "race discrimination, constructive discharge, and hostile work environment."[7] (Doc. 46 at 7–8). This does not comply with Rule 8.

Plaintiff continues to combine multiple theories of discrimination in a single count, which the Court told him is improper. (Doc. 36 at 7) (citing *Long v. City of Orlando*, No. 6:20-CV-254-WWB-EJK, 2021 WL 2226606, at *2 (M.D. Fla. June 2, 2021) (noting "claims for hostile work environment and for discrimination based on disparate treatment are distinct claims and must be pleaded separately." (collecting cases)). Even assuming that constructive discharge and hostile work environment claims are "within the scope of the [EEOC] charge," Plaintiff does not separate those claims into separate counts. (Docs. 46 at 7–8; 38 ¶ 35). Because Count I "commits the sin of not separating into a different count each cause of action or claim for relief" it is also the third type of shotgun pleading. *Weiland*, 792 F.3d at 1322–23.

---

[7] The Court notes the language in Plaintiff's response regarding the constructive discharge and hostile work environment theories appears to be word for word the same as his response to the previous motion to dismiss. (*Compare* Doc. 32 at 9–10 *with* Doc. 47 at 7–8). Plaintiff uses the term "Amended Complaint" in that section of his current response rather than the correct term "Second Amended Complaint" which suggests counsel copied and pasted the language. Plaintiff's regurgitation of this language underscores his disregard of the Court's instructions and inability to properly plead his allegations.

Count II also renders the second amended complaint a shotgun pleading.[8][9] Plaintiff brings an FMLA retaliation claim but incorporates allegations that recite elements of constructive discharge and hostile work environment claims:

> Due to the treatment Plaintiff endured from Defendant, the working conditions at the County were so intolerable that a [sic] Plaintiff was forced to tender his resignation . . . . A reasonable person under the same conditions as Plaintiff would have been compelled to quit . . . The treatment Plaintiff experienced during his employment at Defendant was so severe and pervasive as to alter the terms and conditions of his employment and create a discriminatorily abusive working environment.

*Id.* ¶¶ 29–31.[10] These allegations are vague, conclusory, and immaterial to Plaintiff's FMLA retaliation claim. Moreover, these allegations fail to comply with the Court's Order, which informed Plaintiff he cannot pursue hostile work environment, constructive discharge, and failure to promote claims under a single count. (Doc. 36 at 6, 7). Therefore, Count II is also emblematic of both the second and third types of shotgun pleading.

---

[8] Defendant also argues Count II should be dismissed on statute of limitations grounds. (Doc. 43 at 15–16). Because the Court dismisses this count with prejudice on shotgun pleading grounds, the Court need not address this argument.

[9] To state a claim of retaliation under the FMLA, "an employee must allege that (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004) (quotation omitted).

[10] *See Bozeman v. Per-Se Techs., Inc.*, 456 F. Supp. 2d 1282, 1354 (N.D. Ga. 2006) (noting that proving a constructive discharge claim requires showing that "no reasonable person" could endure working conditions); *Usai*, 801 F. Supp. 3d at 1321–22 (hostile work environment requires alleging that the discrimination is "severe and pervasive").

9

Plaintiff's second amended complaint fails to comply with Rule 8 and the Court's repleading order. Analyzing the issues with Plaintiff's pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). The Court offered Plaintiff the opportunity to correct his mistakes. Plaintiff failed to do so. The Court finds dismissal with prejudice is appropriate. *Id.* at 1358 (finding a district court acted within its discretion dismissing complaint with prejudice on shotgun pleading grounds where plaintiff had "fair notice of the defects and a meaningful chance to fix them"); *see also Barmapov v. Amuial*, 986 F.3d 1321 (11th Cir. 2021) (dismissing second amended complaint as a shotgun pleading where it was replete with vague, immaterial, and conclusory allegations).

Accordingly, it is **ORDERED:**

1. Defendant Lee County Board of Commissioners' Motion to Dismiss (Doc. 43) is **GRANTED**.

2. Plaintiff's Second Amended Complaint (Doc. 20) is **DISMISSED** with prejudice.

3. The Clerk is **DIRECTED** to enter judgment for Defendant.

**DONE** and **ORDERED** in Fort Myers, Florida on February 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

10