UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| VICTOR M. VAZQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:25-cv-00141-SPC-DNF |
| | ) | |
| LEE COUNTY BOARD OF COUNTY | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendant. | ) | |

_____/

## PLAINTIFF'S AMENDED MOTION FOR

## RELIEF FROM FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(6)

## I. INTRODUCTION

THIS CASE was dismissed with prejudice based on procedural deficiencies

attributed to Plaintiff's pleadings. However, those deficiencies were the direct

result of counsel's failure to comply with the Court's repleading order and to

properly litigate the case—not based on the merits of Plaintiff's claims.

Plaintiff was not merely unaware of procedural deficiencies; Plaintiff was

affirmatively led to believe by counsel that Defendant's filings were routine

delay tactics and that the case was proceeding appropriately. At no time was Plaintiff informed that the Court had identified deficiencies or that corrective action was required.

As a result, Plaintiff was deprived of any meaningful opportunity to address the Court's concerns, comply with the repleading order, or seek substitute counsel.

## II. STATEMENT OF FACTS

1. The Court entered a final order of dismissal with prejudice on February 24, 2026.

2. The dismissal was based on procedural deficiencies identified in Plaintiff's pleadings.

3. The Court previously issued a repleading order requiring corrective action.

4. Plaintiff's counsel failed to comply with the Court's directives.

5. Counsel did not inform Plaintiff of the deficiencies or risk of dismissal. Even when explicitly asked on Monday, August 18, 2025 at 9:17AM – August 18, 2025 at 1:53PM. Exhibit A. Pages 1-5

6. Counsel represented that Defendant's motions were routine delay tactics.

7. Plaintiff relied on those representations.

8. Plaintiff first learned of the dismissal with prejudice only after calling the Court directly on March 18, 2026.

9. Between February 24, 2026 and March 18, 2026, Plaintiff received no response from counsel on the status of the case, even after Plaintiff initiated communications.

10. Plaintiff acted promptly upon learning of the dismissal.

February 16, 2026 at 7:02AM – March 18, 2026 at 12:58PM. Exhibit B. pages 1 – 5.

## III. LEGAL ARGUMENT

Relief is warranted under Federal Rule of Civil Procedure 60(b)(6) where extraordinary circumstances prevent a party from meaningfully participating in litigation and where principles of equity require intervention.

Here, the circumstances extend beyond ordinary attorney error. The record reflects that Plaintiff's pleadings were not meaningfully revised in response to the Court's repleading order. As noted by the Court, the *Second Amended Complaint* repeated prior deficiencies, including language identical to earlier filings. (Doc. 50). These deficiencies were not the result of informed decision-making by Plaintiff.

Plaintiff was not only unaware of these deficiencies, but was affirmatively led to believe that Defendant's motions to dismiss were routine and dilatory in nature, and that the case was proceeding appropriately. At no time was Plaintiff informed that the Court had identified deficiencies requiring correction, nor that failure to comply could result in dismissal with prejudice. As a result, Plaintiff was deprived of any meaningful opportunity to address the Court's concerns, comply with the repleading order, or seek substitute counsel. The opportunity to be heard was effectively unavailable due to the extreme lack of communication and the deliberate misrepresentations made to Plaintiff regarding the status of the case.

Courts have recognized that relief under Rule 60(b)(6) may be appropriate where attorney conduct effectively deprives a litigant of the ability to protect his interests or participate in the proceedings in a meaningful way. This is not a case of simple missed deadlines or disregard by Plaintiff. Rather, the circumstances reflect a breakdown in representation that prevented Plaintiff from understanding the posture of the case and from taking any action to preserve his claims.

Additionally, Defendant will not suffer undue prejudice if relief is granted. This case has not progressed beyond the pleading stage, and no adjudication on the merits has occurred. Due to the extremely short amount of time remaining to respond to the Court's decision and limited knowledge of civil procedures, filing for relief *Pro Se* under Rule 60(b)(6) is Plaintiff's only alternative to effectively protect the case, be afforded the opportunity to be heard, and seek fairness and justice.

Under these circumstances, the combination of constructive abandonment, failure to communicate significant case developments, and resulting inability to act constitutes extraordinary circumstances warranting relief under Rule 60(b)(6). Email from September 15, 2025 at 9:42AM – December 15, 2025 at 12:06PM. Exhibit C. Pages 1-5.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court vacate the Final Judgment, reopen the case, and grant leave to file a compliant amended pleading.

Respectfully submitted,

Victor M. Vazquez - Pro Se

3104 10th ST SW

Lehigh Acres, FL. 33976

(239) 560-6758

Spazz2165@yahoo.com

## CERTIFICATE OF SERVICE

I certify that a copy of this motion was served on all parties on this date.