*EXHIBIT B*

## Update & Next Steps regarding your Legal Matter

From:  Cynthia Ott (cott@lightpathlaw.com)

To:      spazz2165@yahoo.com

Date:  Monday, February 16, 2026 at 07:02 AM MST


Mr. Vazquez,

I hope this email finds you well. I wanted to update you on the status of your legal matter following our morning staff meeting today.  Each business day, our office discusses various legal matters, make decisions regarding the case, and determine next steps to ensure each matter is being properly handled.  Today, we discussed your matter.

During our staff discussion, we covered the following key points:
1. We discussed that your matter is still in the discovery and we are still trying to obtain copies of the subpoenaed records.
2. Upon any receipt of any information from the opposing counsel, we will update you immediately.

If you have any questions or concerns regarding these matters discussed or the outlined next steps, please do not hesitate to reach out to us. Your understanding and collaboration are essential, and we are here to ensure that all aspects of your case are addressed appropriately.

We appreciate your trust in our firm and remain committed to providing you with the best legal support.

Feel free to contact us, if you require any further clarification or assistance.

Thank you for choosing Light Path Law, P.A. We look forward to continuing to work with you on your legal journey.

Best regards,
Cynthia Ott

*Exhibit B*

## RE: Update & Next Steps regarding your Legal Matter

From: spazz2165 (spazz2165@yahoo.com)

To: cott@lightpathlaw.com

Date: Monday, February 16, 2026 at 08:05 AM MST


Dear Cynthia Ott.

Good morning, and thank you for the update regarding my case and for discussing it during your staff meeting.

I do have a concern I would like clarification on. Since we are still in discovery and waiting on the subpoenaed records from the County, what happens if they do not comply with the subpoena in a timely manner? We have fully cooperated and provided all of the records they requested from us, including my medical, disability, and other personal records.

If the County continues to delay or fails to produce the subpoenaed documents, is there a way for our legal team to formally address this with the Court? I am worried that their lack of compliance is wasting both the Court's time and our time, and it may be affecting the progress of the case.

I just want to make sure that they are being held to the same standard of cooperation that we have shown throughout this process, and that they are required to produce the records that were properly subpoenaed.

Please let me know what legal steps can be taken if they continue to delay or fail to respond. All the County is doing is delaying the process and are trying to starve me out . Becouse they no that we have the proof and they have no case .

Thank you again for your continued work and for keeping me informed. I truly appreciate the updates.

Sincerely,
Victor Vazquez


-------- Original message --------
From: Cynthia Ott <cott@lightpathlaw.com>
Date: 2/16/26 9:02 AM (GMT-05:00)
To: Victor Vazquez <spazz2165@yahoo.com>
Subject: Update & Next Steps regarding your Legal Matter

Mr. Vazquez,

I hope this email finds you well. I wanted to update you on the status of your legal matter following our morning staff meeting today.  Each business day, our office discusses various legal matters, make decisions regarding the case, and determine next steps to ensure each matter is being properly handled.  Today, we discussed your matter.

During our staff discussion, we covered the following key points:

*Exhibit B*

③

## Fw: Case Status and Today's Meeting

From:  Victor Vazquez (spazz2165@yahoo.com)

To:      chasduc639@yahoo.com; paul@berkeleylawfl.com

Date:  Wednesday, March 18, 2026 at 12:58 PM MST

This is what my Lawyer told me today. I found out because I woke up this morning with something in my head saying call the court. I did  that's where I found out my case was closed. So I called my Lawyer but of course they where busy. So I got dressed and went to there office. To see why. That when he told me all this crap. But I asked why wait to tell me or not. Not only that I have been paying them and all I ever get is a bill. I have to call them after every bill to ask what is going on with my case. They never call me. The only way I find out what's going on with my case is by The Bills it says what they discussed in a short sentence. They screwed up bad. What can I do about this

----- Forwarded Message -----
**From:** Chris Stipek <cstipek@lightpathlaw.com>
**To:** Victor Vazquez <spazz2165@yahoo.com>
**Cc:** Cynthia Ott <cott@lightpathlaw.com>
**Sent:** Wednesday, March 18, 2026 at 12:35:09 PM MST
**Subject:** Case Status and Today's Meeting

Good Afternoon Mr. Vazquez,

As discussed during our meeting today, here is a recap of our discussion:

I want to update you with regards to your case. The judge entered an order dismissing the case with prejudice on February 24, 2026, and then a Judgment on February 25, 2026 which closes the case in the trial court unless we take immediate post-judgment steps or appeal. Federal deadlines are strict. Typically a motion asking the judge to reconsider/alter the judgment is due within 28 days of the judgment, and a notice of appeal is typically due within 30 days. I provided you with a copy of both of these documents for your record.

**Why the judge dismissed**
The court's decision was based on pleading standards and the court's prior instructions about how the claims needed to be presented. In plain terms, the judge concluded the latest complaint still didn't state the claims in the way the court required and also found the allegations insufficient to proceed. This is a procedural ruling about the pleadings, not a trial on the merits.

Moving forward we discuss two separate options as outlined below:

**Option A — Motion to reconsider / alter or amend (post-judgment motion)**
We would ask the same judge to reconsider or modify the judgment—often by requesting that the court allow a final amended complaint that directly addresses the court's stated concerns. The strongest version usually includes a proposed amended

complaint attached, so the judge can see exactly how we would fix the issues the order identified.

Advantages:

1. Usually faster and less expensive than an appeal.
2. It addresses the judge's stated reasons head-on.
3. If filed on time, it often pauses the appeal deadline while the judge decides the motion.
4. It can strengthen the record for appeal because we show a clean, corrected pleading.

Disadvantages:

1. Judges rarely change their rulings unless there is a clear basis to do so or the revised filing directly cures the court's concerns.
2. If the motion is denied, we still need an appeal to keep the matter alive, and we must be careful not to miss the appeal deadline.

**Option B — Appeal**
We ask the Eleventh Circuit to review whether the district court's dismissal was legally correct.

Advantages:

1. Independent review by a higher court.
2. If successful, it could reverse the dismissal and reopen the case.

Disadvantages:

1. Slower and typically more expensive.
2. Appeals in cases dismissed at the pleading stage—especially after the court has issued detailed pleading guidance—can be challenging.
3. Even if an appeal succeeds, the case often returns to the trial court for further proceedings rather than moving straight to a merits result.

**Recommendation**
Because an appeal is a specialized process and because your case has a detailed procedural history, if you decide to appeal we recommend having an independent appellate attorney handle it. That gives you (1) a lawyer whose day-to-day practice is appeals, and (2) a fresh, independent set of eyes to evaluate the full record and advise you candidly on the strengths, risks, and the best strategy going forward. We can stay involved to support and transition the file, but we think independent appellate counsel is in your best interest if you go the appeal route.

Appeals are technical and record-driven. A lawyer who focuses on appeals can spot the strongest appellate issues quickly, and an independent review helps ensure you're

getting fully objective advice about the procedural history and what arguments are most likely to succeed.

**Outcome of Meeting**

Based on your representation at today's meeting, you authorized our immediate next step to prepare the post-judgment motion with a proposed revised complaint, to potentially later utilize the appeal route. If needed, we'll refer you to appellate counsel immediately and coordinate the transition so no deadlines are missed.

Best Regards,

Christopher Lee Stipek, Esq.
Light Path Law, P.A.
Attorney at Law

 **LIGHT PATH LAW**
Powered by JAL LAW

Office: (239) 689-8481
Fax: (239) 294-3930
E-mail: cstipek@lightpathlaw.com
Assistant's E-mail: cott@lightpathlaw.com
Website: http://www.lightpathlaw.com
2069 First Street, Suite 100
Fort Myers, Florida 33901

CONFIDENTIALITY NOTE: This e-mail along with any attachments transmitted with it, is for the sole use by the intended recipient(s) and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any unauthorized review, use, retention, disclosure, dissemination, forwarding, printing or copying of this email is strictly prohibited. If this e-mail is not addressed to you (or if you have any reason to believe that it is not intended to for you), please notify Light Path Law, P.A. at info@lightpathlaw.com or the sender by telephone at (239) 689-8481 or by return e-mail and promptly destroy all copies of the transmission.

IRS CIRCULAR 230 NOTICE: Pursuant to Treasury Department Circular 230, this is to advise you unless we otherwise expressly state in writing, e-mail communications, including all attachments, from this firm are not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties. This Firm does not provide advice as to federal or state tax issues.